Gary P. **MOSIER**, Plaintiff,

v.

**AMERICAN HOME PATIENT, INC.**, Defendant.

**No. 4:01CV11–WS.**

United States District Court, N.D. Florida, Tallahassee Division.

Nov. 1, 2001.

---

Marie A Mattox, Esq, Mattox & Hood PA, Tallahassee, FL, for plaintiff.

Darryl L Gavin, Esq, Rumberger Kirk Caldwell PA, Francis H Sheppard, Esq, Rumberger Kirk Caldwell et al, Orlando, FL, for defendant.

### ORDER

SHERRILL, United States Magistrate Judge.

Pending is Plaintiff's motion to compel. Doc. 21. Defendant has responded. Doc. 26.

### Request for production 9 (listed as 11 in the motion), first set

As amended on December 1, 2000, Fed. R.Civ.P. 26(b)(1) provides that the "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party ...," but "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Good cause for discovery of information relevant to the subject matter has not been shown here, and the discovery will be limited to the claims or defenses.

█ The claims pertain to disparate treatment (compared to female registered nurses) with regard to the dress code, award of a full-time position, assignment of a heavier workload, performance evaluations, disciplinary actions, and termination. All of the files are relevant to these claims for it is only by review of the files that Plaintiff can ascertain which female nurses were not so treated, and which male nurses perhaps were. Plaintiff says that he has been told by Defendant that this request covers about 30 to 35 files. Defendant says it covers 200 files. Either way, the burden upon Defendant is minimal as it is assumed that Defendant is an organized business and keeps such files by name in one location. If Defendant would like a protective order entered, it may so move, describing the nature of confidential business information, patient information, or employee medical information, that is likely to be in the files, and attach a proposed order. Hopefully the parties can stipulate to such an order. None of the information sought is *privileged*, as will be discussed ahead. The motion is granted as to request 9.

### Requests 11 and 20, first set

The motion is granted as to these requests. The files of persons hired and applications for the job of registered nurse are directly relevant to a primary claim and a primary defense.

### Request 12, first set

The motion is granted as to this request. The files of male registered nurses could lead

to evidence relevant to the subject matter of the litigation, and good cause has been shown. The number of files is probably small.

### Request 18, first set

The motion is granted as to this request. Documents showing an "interest" in a full-time registered nurse job are directly relevant to a primary claim (and defense, that Defendant only hired or promoted those who expressed "interest").

### Request 27, first set

Documents showing workloads are relevant to the claim that Plaintiff was assigned a heavier workload than females. If such documents exist, they must be produced. The motion is granted as to this request.

### Request 28, first set

■ Plaintiff claims that his performance evaluations were lower because he is a male. He must be allowed to review the performance evaluations of other registered nurses to compare his evaluations with theirs. It is doubtful that the evaluations themselves will provide much information, but the statistical array, comparing males to females is related to the claim. The motion is granted as to this request.

### Request 31, first set

■ This request seeks every document in Defendant's possession which has a name of an employee on it. It covers employees who were not registered nurses. The request is plainly too broad. The motion is denied as to this request.

### Request 35, first set (request 44 is not at issue)

■ This request, which seeks all investigative files of all claims of discrimination (race, national origin, gender, religion, disability, or age) or retaliation of any form for all employees for a number of years is plainly too broad. Even as limited to all complaints, the request is too broad. A more relevant request would have been the files of gender discrimination by male registered nurses, but Defendant states that there have been no complaints of disparate treatment against male registered nurses at the Tallahassee

facility in the last six years. The motion is denied as to this request.

### Request 4, second set

As the court understands it, both the Defendant and the United States have copies of the Medicare billing records, and the records of only five patients are sought. If that is so, and it probably is, since these are important financial records for Defendant, then Defendant's argument, that Plaintiff must obtain copies from the United States, is unpersuasive. The records in the possession of Defendant are *not* equally accessible to both parties. The privacy concerns can be satisfied by a protective order, if Defendant wishes to so move. The motion is granted as to this request.

### Request 9, second set

Defendant is not required to produce a privilege log for any document withheld. Defendant can do whatever it wishes as to a privilege log. A privilege log is for the benefit of Defendant, as one possible means to protect any claim of privilege it may have. Interposition of an objection not based upon privilege in response to the discovery request is all that the rules require, so long as the objecting party gives its reason with adequate specificity. The objections of that sort have been addressed above. As to *privilege*, if Defendant is now withholding any specific document due to attorney client or work product privilege, that privilege is waived for failure to assert it with specificity in response to the discovery requests. The motion is granted and denied as to this request to this extent.

For these reasons, Plaintiff's motion to compel, document 21, is **GRANTED IN PART AND DENIED IN PART** as set forth above. To the extent that the motion has been granted, Defendant shall produce for inspection and copying such documents as have been identified above. Plaintiff shall reimburse Defendant any reasonable expenses caused by this production of documents. The parties shall bear their own expenses of this motion.